**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BRADLEY LANE CROFT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **SA-25-CV-643-JKP** |
| | § | |
| **SHARLEIGH DRAKE, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER OF DISMISSAL**

Before the Court is *pro se* Plaintiff Bradley Lane Croft's "Complaint Under 42 U.S.C. § 1983 and *Bivens* for Deprivation of Constitutional Rights." (ECF No. 1). Croft, who is presently confined at the Cross Point Halfway House, is proceeding *in forma pauperis* (IFP) pursuant to the Prison Litigation Reform Act (PLRA).

**BACKGROUND**

A. *United States v. Croft*, 5:18-cr-603-DAE-1

From 2011 to 2018, Croft was the operator of Universal K-9, a school in San Antonio that trained dogs, as well as dog-handlers, for various law-enforcement related tasks such as detection and tracking. Croft sought to certify Universal K-9 as a non-accredited, non-college-degree school through the Texas Veterans Commissions (TVC) so that he could teach veterans who could pay the course fee using funds provided through the G.I. Bill and paid by the Education Benefits Program of the Department of Veterans Affairs (VA). The TVC approved Universal K-9's application in 2016.

On October 17, 2018, a federal grand jury returned a superseding indictment charging Croft with eight counts of wire fraud in violation of 18 U.S.C. § 1343, four counts of aggravated identity

theft in violation of 18 U.S.C. § 1028A(a)(1), two separate counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), (a)(1)(B), and (a)(2), and two counts of making a false tax return in violation of 26 U.S.C. § 7206(1). The fraud involved material misrepresentations Croft made about Universal K-9 in his application to the TVC. Croft proceeded to a bench trial before United States District Judge David A. Ezra that commenced October 8, 2019. Judge Ezra found Croft guilty of all counts and held a sentencing hearing on April 30, 2021. Judge Ezra sentenced Croft to 118 total months of imprisonment and three years of supervised release.[1]

Eventually, all of Croft's convictions were affirmed on appeal,[2] and Croft filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and, thereafter, an Amendment/Supplement to the § 2255 motion. On October 29, 2025, Judge Ezra denied the § 2255 motion, dismissed in part as time-barred and denied in part the Amendment/Supplement to the § 2255 motion, and denied a certificate of appealability. On June 29, 2026, the Fifth Circuit Court of Appeals denied Croft's motion seeking a certificate of appealability. *See United States v. Croft*, No. 25-50957, ECF No. 70 (5th Cir. June 29, 2026).

B. Civil Rights Complaint

On June 10, 2025, Croft filed the pending civil rights Complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),

---

[1] Judge Ezra further ordered that Croft pay a $1,600.00 special monetary assessment, $1,506,758.31 in restitution, as well as forfeiture of several pieces of personal and real property.

[2] The Fifth Circuit Court of Appeals affirmed the judgment on May 24, 2022. On June 20, 2023, the Supreme Court vacated the judgment affirming Croft's convictions and remanded for further consideration in light of *Dubin v. United States*, 599 U.S. 110, 131 (2023) (articulating a new standard for convictions under § 1028A). On December 1, 2023, the Fifth Circuit affirmed Croft's convictions and sentences for the four aggravated identity theft counts in light of *Dubin*. The remaining convictions were not challenged on remand. On April 1, 2024, the Supreme Court denied Croft's petition for a writ of certiorari.

with accompanying exhibits. (ECF No. 1) The Complaint alleges "deliberate and coordinated efforts by state and federal actors to unlawfully destroy" Croft's "professional reputation, business operations, and constitutional rights." (*Id.* at 1). Croft further alleges that, "Defendants disseminated false and misleading information to law enforcement nationwide, intentionally concealed critical exculpatory evidence, and systematically interfered with favorable witness testimony, ultimately resulting in substantial and continuing harm to plaintiff." (*Id.*). Croft names as Defendants: 1) Sharleigh Drake (hereinafter "Officer Drake"), a "Task Force Officer assigned to the DPS/FBI White Collar Crime Task Force," sued in her individual and official capacities; 2) Assistant United States Attorney Gregory Surovic (hereinafter AUSA Surovic), in his individual capacity; and 3) "John Doe" Defendants 1-10, who are "unknown federal and state officials who participated in or knowingly acquiesced to the violations described herein." (*Id.* at 2).

Croft's Complaint alleges that he founded and operated Universal K-9, which "provided professionally trained police dogs nationwide." (*Id.*). Croft further alleges he was "well-regarded by law enforcement agencies for the quality and effectiveness of his training programs." (*Id.*). Croft complains that, during his federal sentencing hearing on April 30, 2021, AUSA Surovic stated on the record: "Agent Drake here sent out a bulletin to all law enforcement agencies in the United States warning them about this problem," explicitly referencing [Croft]'s Universal K-9 training program. (*Id.*). Croft further alleges that the bulletin was disseminated nationally, prior to his criminal convictions, and falsely alleged "that Universal K[-]9's training program was compromised by fraudulent conduct, without any proven evidence or court findings supporting such claims." (*Id.*).

Croft complains he was not notified about the bulletin and was denied any opportunity to review or challenge the contents of the bulletin. (*Id.*) He further complains that the bulletin was neither submitted into evidence nor made available for Croft to examine during or after trial. (*Id.*). Croft provides no specific details about the contents of the bulletin, except that it falsely alleged that Universal K-9's training program was "compromised by fraudulent conduct."

The Court understands the Complaint to further allege that Officer Anthony Vain was pressured by his department and government actors to distance himself from Croft and was ultimately forced to withdraw from Croft's "supervision" due to "government intimidation." (*Id.*). Croft alleges that this impaired his reputation and materially harmed his ability to present a full defense at trial. (*Id.*). Croft also alleges that a second officer, Jonathan Lawrenze, testified at trial in Croft's defense, despite being contacted by government agents beforehand. (*Id.*). Croft alleges that canines belonging to Officers Vain and Lawrenze that were trained by Universal K-9 were later independently certified through a national certifying agency, demonstrating "the integrity and quality of [Croft]'s training program." (*Id.*).

As to Officer Drake, Croft asserts a claim pursuant to § 1983, alleging that Officer Drake violated his Fifth and Fourteenth Amendment due process rights "by disseminating false and defamatory information nationwide without notice, hearing, or opportunity for rebuttal" (Count One). (*Id.* at 3). As to AUSA Surovic, Croft asserts a claim pursuant to *Bivens* alleging that AUSA Surovic "knowingly fabricated and perpetuated materially false information regarding [Croft]'s training program in a public federal court proceeding, violating [Croft]'s Fifth Amendment Due Process Rights" (Count Two). (*Id.*). Croft asserts a third claim against "All Defendants," including ten un-named "John Doe" Defendants, alleging a "civil conspiracy to deprive rights" (Count

Three). (*Id.*). He alleges that the Defendants "knowingly conspired and coordinated their efforts to disseminate false information, conceal exculpatory evidence, and suppress favorable witness testimony." (*Id.*). Croft "requests judgment against all Defendants for violating [his] constitutional rights, awarding damages, correcting false information, and granting further relief deemed just and equitable." (*Id.*).

**APPLICABLE LAW**

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint — or any portion thereof — if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous if "it lacks any arguable basis in law or fact." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Id.* A complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d

145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard requires more than the mere possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## DISCUSSION

A. Official capacity claims

Insofar as the Complaint alleges official-capacity claims against any Defendants under *Bivens*, such claims are barred by sovereign immunity. It is well settled that a *Bivens* claim for monetary damages is available only against government officers in their individual capacities. *See FDIC v. Meyer*, 510 U.S. 471, 484–87 (1994); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994). A suit against a federal official in his or her official capacity is a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official–capacity suit must look to the government entity itself."). The United States has sovereign immunity except where it consents to be sued. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Consent is a prerequisite for jurisdiction. *See id.; Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (citation omitted).

The United States has not waived sovereign immunity in a *Bivens* suit for monetary damages or injunctive relief. *See United States v. Rural Elec. Convenience Coop. Co.*, 922 F.2d

429, 434 (7th Cir. 1991) (specifying that jurisdictional bar of sovereign immunity operates when suit threatens to impose upon United States liability for money or property damages or some form of coercive injunctive relief); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982) (holding that *Bivens* does not waive government's immunity). Thus, any *Bivens* claims against Defendants who are federal officials in their official capacities are dismissed for want of jurisdiction.[3]

Similarly, insofar as the Complaint alleges official-capacity claims under § 1983 against any Defendants who are state officials, such claims are barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI. The Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Graham*, 473 U.S. at 169; *Cory v. White*, 457 U.S. 85, 90 (1982). This is so because "a

[3] Moreover, *Bivens* has not been extended to the claims asserted by Croft. The Supreme Court has authorized an implied damages remedy against federal officers for constitutional violations (*Bivens* action) only three times. *See Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for failure to provide adequate medical treatment to inmate); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender discrimination); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (Fourth Amendment claim for unreasonable search and seizure); *see also Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017) (discussing *Carlson*, *Davis*, and *Bivens*). The decision whether to recognize a new action has two parts. *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). Courts must first decide whether the claim arises in a "new context" or involves a "new category of defendants." *Id.* (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). Second, if the context is new, courts must ask whether there are any "special factors that counsel hesitation" in recognizing the new cause of action. *Id.* (quoting *Abbasi*, 137 S. Ct. at 1857 (alterations adopted)). Croft's claims that Defendants disseminated false and misleading information to law enforcement nationwide, intentionally concealed critical exculpatory evidence, and systematically interfered with favorable witness testimony do not appear to fall squarely within the three recognized situations permitting an action under *Bivens*. Thus, it appears that any of Croft's claims would arise in a "new context," and special factors counsel hesitation in recognizing the new cause of action.

judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, any § 1983 claims against any Defendants who are state officials are dismissed for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71.

B. Statute of limitations

A district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the complaint that the claims are time-barred. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citation omitted); *Madis v. Edwards*, 347 F. App'x 106, 107 (5th Cir. 2009) (citation omitted). Section 1983 contains no statute of limitations provision. *Owens v. Okure*, 488 U.S. 235, 239–40 (1989). Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two–year statute of limitations for personal injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Piotrowski*, 237 F.3d at 576. Although the Texas limitations period applies, federal law governs when Croft's claims accrued. *See Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. *Piotrowski*, 237 F.3d at 576 (internal quotation marks and citations omitted).

In Count One, Croft alleges that Officer Drake disseminated a false and defamatory bulletin nationwide prior to his 2019 criminal conviction without providing him with notice, a hearing, or an opportunity for rebuttal, in violation of his Fifth and Fourteenth Amendment due process rights.

In Count Two, Croft alleges that AUSA Surovic "fabricated and perpetuated materially false information regarding [Croft]'s training program" by discussing the fraudulent nature of Croft's training program and the dissemination of the bulletin at his criminal sentencing hearing on April 30, 2021, in violation of his Fifth Amendment due process rights. (*Id.*). In Count Three, Croft alleges that the Defendants conspired to intimidate defense witnesses, suppress favorable witness testimony, and conceal exculpatory evidence, which impeded his ability to present a full defense at his trial in 2019. (*Id.*).

Based on the facts pleaded by Croft, the conduct giving rise to the claims presented in the Complaint occurred on or before Croft's sentencing hearing. Accordingly, Croft's claims accrued, at the latest, on the date of his criminal sentencing on April 30, 2021, and the statute of limitations expired two years later, on April 30, 2023. Croft did not file the pending Complaint until more than two years after that, on June 10, 2025. The claims are clearly time-barred.

Apparently recognizing the untimeliness of the Complaint, Croft alleges that equitable tolling applies to this case because he "was unaware of the full scope and extent of the harm caused by Defendants' actions, including the existence and contents of the bulletin, until recently uncovered through ongoing investigation and disclosures." (ECF No. 1 at 1). Croft further asserts that he "diligently pursued justice throughout the six years he was incarcerated, even though his access to records and research were extremely limited." (*Id.*).

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* Both Texas courts and federal courts apply the doctrine of equitable tolling sparingly. *Myers v. Nash*, 464 F. App'x

348, 349 (5th Cir. 2012) (citing *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App. 2002); *Wallace v. Kato*, 549 U.S. 384, 396 (5th Cir. 2007)). Litigants cannot use the doctrine to "avoid the consequences of their own negligence." *Quiroz v. Hernandez*, 167 F.4th 254, 262 (5th Cir. 2025) (quoting *Hand*, 83 S.W.3d at 293).

Croft's allegations are too vague and conclusory to establish a later accrual date or entitlement to equitable tolling. Croft provides no specific facts as to why he was unable to discover the existence and contents of the bulletin or the extent of the harm caused until "recently." Although he generally states that his access to records and research was severely limited, he fails to plead any facts establishing why his access to this information was limited, when he ultimately discovered it, and what action he took to actively pursue his judicial remedies during the statutory period. The fact of Croft's imprisonment does not toll the limitations period under Texas law. *See Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992); *Madis*, 347 F. App'x at 108 (lack of representation and limited library access are insufficient to toll the limitations period under Texas law). Croft also does not allege facts establishing his entitlement to an exception to tolling under Texas law, such as the doctrine of fraudulent concealment or the discovery rule. *See Quiroz*, 167 F.4th at 262. In the absence of equitable tolling, the Complaint is barred by the statute of limitations.

C. *Heck*-bar

To the extent the claims are not time-barred, insofar as any of the claims imply the invalidity of Croft's underlying convictions, they are barred by the *Heck* decision. In *Heck*, the Supreme Court held that a § 1983 claim for which monetary damages are sought and that necessarily implies the invalidity of the plaintiff's conviction or imprisonment does not accrue,

i.e., is barred, until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Thereafter, in *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), the Supreme Court held that a prisoner's § 1983 claims are "barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question. *Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir. 1994). The Fifth Circuit has applied *Heck* to claims pursuant to *Bivens*. *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 133 (5th Cir. 2020); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994).

Croft does not allege any specific facts regarding the contents of the purported bulletin or the nature of the fraudulent conduct it alleged on the part of Universal K-9. However, if in proving his claims that Officer Drake and AUSA Surovic made a defamatory publication or statement, Croft establishes that the publication or statement was false—i.e., that Universal K-9's training program was *not* compromised by fraudulent conduct—a judgment in favor of his § 1983 claims may imply the invalidity of Croft's criminal convictions relating to fraud. Additionally, a judgment in favor of Croft on his claims alleging that his federal convictions were obtained through constitutional violations occurring at trial, including a conspiracy by the defendants to intimidate witnesses, suppress favorable evidence and exclude exculpatory evidence, would necessarily

imply that his convictions were invalid. *See Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012).

Apparently recognizing the *Heck* bar, Croft states that he "acknowledges prior convictions affirmed by the Fifth Circuit," however his "current allegations and constitutional claims are distinct and arise directly from Defendants' deliberate dissemination of false and misleading statements not adjudicated by any court, the intentional concealment of exculpatory evidence, and direct intimidation of witnesses." (ECF No. 1 at 3). However, Croft fails to establish the criteria set forth in *Heck*. Therefore, to the extent that *Heck* applies, and insofar as Croft's claims are not barred by the state of limitations, they are barred by *Heck*. Accordingly, in the alternative, the Complaint is dismissed with prejudice until such time as Croft satisfies the conditions set forth in *Heck*.

## CONCLUSION

Based on the foregoing analysis, the Court concludes that it lacks jurisdiction over any official-capacity claims against the Defendants. The Court further concludes that Croft's remaining claims are barred by the applicable statute of limitations, and, in the alternative, barred by *Heck*.

**IT IS THEREFORE ORDERED** that Plaintiff Bradley Lane Croft's "Complaint Under 42 U.S.C. § 1983 and *Bivens* for Deprivation of Constitutional Rights" (ECF No. 1) is **DISMISSED IN PART WITHOUT PREJUDICE FOR LACK OF JURISDICTION AND DISMISSED IN PART WITH PREJUDICE** as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**IT IS FURTHER ORDERED THAT** any official-capacity claims Croft asserts against Defendants under *Bivens* and § 1983 are **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED THAT** all remaining claims are **DISMISSED WITH PREJUDICE** as frivolous because they are barred by the statute of limitations.

**IT IS FINALLY ORDERED THAT** to the extent that *Heck* applies, and insofar as Croft's claims are not barred by the state of limitations, the claims are **DISMISSED WITH PREJUDICE** as barred by *Heck* until such time as Croft satisfies the conditions set forth in *Heck*. This dismissal counts as a strike for purposes of § 1915(g).

It is so **ORDERED**.

**SIGNED** on this 31st day of August 2026.

Jason Pulliam

JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE